UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL CROFT,

    Plaintiff,

v.                                                     Case No:   8:16-cv-634-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.[1]

_____

## OPINION AND ORDER

Plaintiff, Michael Croft, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted as the defendant in this case.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on July 22, 2013, and an application for SSI on August 13, 2013. (Tr. 221-26, 227-29). In both applications Plaintiff alleged an onset date of January 20, 2012. (Tr. 221, 227). Plaintiff later amended his onset date to November 21, 2012. (Tr. 53). Plaintiff's applications were denied initially on October 1, 2013, and upon reconsideration in December 2013. (Tr. 165-67, 168-70, 174-78, 179-83). Plaintiff requested a hearing and, on June 29, 2015, an administrative hearing was held before Administrative Law Judge Daniel A. Piloseno ("the ALJ"). (Tr. 50-73). On July 31, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability from November 21, 2012, through the date of the decision. (Tr. 29-43). Plaintiff filed a request for review which the Appeals Council denied on January 13, 2016. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on March 17, 2016.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 21, 2012, the amended alleged onset date. (Tr. 31). At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder, recurrent and severe with psychotic features; anxiety disorder; personality disorder; post-traumatic stress disorder; attention deficit disorder; osteopenia; bradycardia; and osteoporosis. (Tr. 31). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 32).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform a full range of work at all exertional levels but with the following nonexertional limiations: the claimant can never climb ladders, ropes, or scaffolds. He is limited to occasional exposure to extremes of humidity, heat, and cold. The claimant can have no exposure to unprotected heights and hazardous machinery. He is able to maintain concentration, persistence, or pace no more than 95 percent of the workday exclusive of breaks. He can have no interaction with the public and frequent interaction with coworkers and supervisors.

(Tr. 34). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a banquet server. (Tr. 41).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 41-42). Specifically, the ALJ found that Plaintiff can perform such occupations as hand packager, industrial cleaner, and warehouse worker. (Tr. 42). The ALJ concluded that Plaintiff had not been under a disability from November 21, 2012, through the date of the decision, July 31, 2015. (Tr. 43-44).

**II.     Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to find that Plaintiff met or equaled Listing 5.08; and (2) whether the ALJ erred by failing to find that Plaintiff's condition of malnutrition was a severe impairment and failed to consider Plaintiff's subjective symptoms of fatigue secondary to this condition. (Doc. 18 p. 6, 10). The Court will address each issue in turn.

**A.  Whether the ALJ erred by failing to find that Plaintiff met or equaled Listing 5.08.**

Plaintiff contends that the ALJ erred by failing to find that he meets Listing 5.08, entitled "Weight loss due to any digestive disorder." (Doc. 18 p. 6-7). Plaintiff notes that the medical record shows that his Body Mass Index (BMI)[2] was found to be below 17.50 multiple times in 2012 and 2013. (Doc. 18 p. 7). Plaintiff argues that it does not appear that the medical advisors considered all of Plaintiff's medical records showing his weight and BMI. (Doc. 18 p. 7). Plaintiff argues that "[a]t a minimum, the Administrative Law Judge should have addressed whether the claimant met the criteria for listing 5.08 and explain the basis for his decision and the medial records supporting the decision." (Doc. 18 p. 7). In response, Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. (Doc. 18 p. 8).

To be disabled under Listing 5.08, a Plaintiff must show "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." In order to "meet" a Listing, "a claimant must have a diagnosis included in the Listings and must provide

---

[2] BMI is the ratio of an individual's weight in kilograms to the square of his or her height in meters (kg/m$^2$). Social Security Ruling 02-1p.

medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart,* 284 F.3d 1219 (11th Cir. 2002). To "equal" a Listing, the medical findings must be at least equal in severity and duration to the listed findings. *Id.* While the ALJ must consider whether a claimant meets a listing, the ALJ need not mechanically recite that a claimant does not meet a listing in his decision, as this fact may be implied from the record. *Hutchison v. Bowen,* 787 F.2d 1461, 1463 (11th Cir.1986).

In this case, the Court finds that the ALJ did not err by failing to find that Plaintiff met Listing 5.08. As Defendant notes, although Plaintiff cites to numerous records showing that his BMI is below 17.50, he fails to cite to any record showing that he was diagnosed with a digestive disorder or attributing weight loss to a digestive disorder, as required by Listing 5.08. In addition, the Court finds no error in the ALJ's failure to specifically address whether Plaintiff met Listing 5.08. While the ALJ must consider whether a claimant meets a listing, the ALJ need not mechanically recite that a claimant does not meet a listing in his decision, as this fact may be implied from the record. *Hutchison v. Bowen,* 787 F.2d 1461, 1463 (11th Cir.1986). Here, it is implied in the ALJ's decision that Plaintiff does not meet Listing 5.08. For these reasons, the Court will not disturb the ALJ's step three finding that Plaintiff did not meet a listing.

### B. Whether the ALJ erred by failing to find that Plaintiff's condition of malnutrition was a severe impairment and failed to consider Plaintiff's subjective symptoms of fatigue secondary to this condition.

Plaintiff argues that the ALJ erred by failing to consider Plaintiff's malnutrition and resulting fatigue in evaluating Plaintiff's subjective symptoms. (Doc. 18 p. 11). Plaintiff argues that if the ALJ would have done so, there is a reasonable possibility that the ALJ would have found that Plaintiff had some exertional limitations. (Doc. 18 p. 11). Defendant argues that the ALJ

committed no error in evaluating Plaintiff's symptoms and functional limitations, and that Plaintiff's allegation that the ALJ improperly evaluated her credibility lacks merit. (Doc. 18 p. 14).

As an initial matter, to the extent that Plaintiff is arguing that the ALJ erred at step two by failing to find that Plaintiff's malnutrition and weight loss were severe impairments, the Court finds that remand is not warranted. According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). Here, the ALJ satisfied the requirements of step two by finding that Plaintiff had some severe impairments and continued the sequential evaluation process.

It still must be determined whether the ALJ erred in his treatment of Plaintiff's subjective complaints of fatigue. The agency's regulations provide that statements about pain and other symptoms must be supported by medical signs or laboratory findings in order to be considered credible. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). The Eleventh Circuit has articulated a test for determining disability on the basis of testimony of pain or other symptoms. In order for such testimony to be considered credible, the Plaintiff must provide evidence of "an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1210, 1215 (11th Cir. 1991). If an ALJ "refuses to credit such testimony, he must articulate

explicit and adequate reasons" for doing so. *Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir. 1987). Such explicit and adequate reasons must be supported by substantial evidence. *Id.* at 1012. The Eleventh Circuit has held that "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1561(11th Cir. 1995).

In his decision, the ALJ acknowledged Plaintiff's complaints of tiredness, weakness, and fatigue, but found that the complaints were not entirely credible. (Tr. 35-36). The Court does not find it necessary to restate each piece of evidence the ALJ addressed in support of his credibility finding and instead notes that the ALJ thoroughly summarize the medical record with specific citations to the record across six single-spaced pages. Plaintiff has failed to show that the ALJ erred in considering Plaintiff's subjective complaints. Accordingly, the Court will not disturb the ALJ's credibility finding on review.

**III.    Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties